The Honorable William "Bill" Walker, Jr. State Senator P.O. Box 1609 Little Rock, Arkansas 72203
Dear Senator Walker:
This is in response to your request for an opinion on the number of votes required to pass H.B. 1770.
Section 5 of H.B. 1770 would levy an excise tax of one-half percent (1/2%) "on the gross receipts or gross proceeds derived from rentals of licensed motor vehicles" by certain specified rental operators whose businesses are conducted at or using airport facilities. Proceeds of the tax would be credited to the Arkansas Department of Aeronautics Fund and used to construct and improve airports, civil airways, and other air navigation facilities, to preserve the history of aviation in Arkansas, and for the other purposes set forth in A.C.A. § 27-115-110 (Repl. 1994). H.B. 1770, as engrossed March 1 and March 7, 1995.
It is my opinion that H.B. 1770 may be passed by a simple majority of each house of the General Assembly.
The relevant provisions of the Constitution of Arkansas, Art. 5, §§ 37 and38, which were added by Const. Amend. 19, are as follows:
 § 37 Not less than a majority of the members of each House of the General Assembly may enact a law.
 § 38 None of the rates for property, excise, privilege or personal taxes, now levied shall be increased by the General Assembly except after the approval of the qualified electors voting thereon at an election, or in case of emergency, by the votes of three-fourths of the members elected to each House of the General Assembly.
In Calderera v. McCarroll, Commissioner of Revenue, 198 Ark. 584,129 S.W.2d 615 (1939), the Supreme Court held that the "now levied" language of Art. 5, § 38, made that provision inapplicable to a new tax imposed after the adoption of Const. Amend. 19. A concurring opinion stated that the "now levied" language means that a popular vote or legislative supermajority is required only if a bill would effect an increase in a tax levied at the time of the adoption of Const. Amend. 19, Calderera,supra (Smith, J., concurring), and this office has consistently so interpreted Art. 5, § 38, in its opinions. In 1992, the Supreme Court, inMiller v. Leathers, 311 Ark. 372, 843 S.W.2d 850, cited Calderera with approval and held that an increase in the sales tax could be effected by simple majority vote because the gross receipts tax was originally imposed after the adoption of Amend. 19 and was not enumerated in Art. 5, § 38, as a tax that could not be increased without a popular vote or legislative supermajority.
It is unnecessary for me to determine whether section 5 of H.B. 1770 would impose a new tax or increase the rate of a tax currently imposed under the Arkansas Gross Receipts Act of 1941, because in neither case would Art. 5, § 38, apply to H.B. 1770. Rather, H.B. 1770 may be enacted by a simple majority of each house of the General Assembly pursuant to Art. 5, § 37.
It should be noted, however, as referenced in your request, that Art. 5, § 31, of the Constitution of Arkansas provides that:
 No State tax shall be allowed, or appropriation of money made, except to raise means for the payment of the just debts of the State, for defraying the necessary expenses of government, to sustain common schools, to repel invasion and suppress insurrection, except by a majority of two-thirds of both houses of the General Assembly.
If a tax is imposed to defray a necessary expense of government, a simple majority vote in each house of the General Assembly is all that is required. Central States Life Ins. Co. v. State, 190 Ark. 605,80 S.W.2d 628 (1935). The General Assembly may determine what is a necessary expense of government. Humphrey, State Auditor v. Garrett, 218 Ark. 418,236 S.W.2d 569 (1951), citing State v. Sloan, 66 Ark. 575, 53 S.W. 47
(1899), and State v. Moore, 76 Ark. 197, 88 S.W. 881 (1905). The court inHumphrey also held, however, that:
 this determination can not be arbitrary to such an extent that things or purposes clearly `outside of the line of necessary expenses of government' may receive monetary benefactions. . . . The result of our decisions affecting the constitutional provision in question is that the legislative discretion will not be disturbed. It is only in those cases where the discrepancy between an expressed objective and actuality is so great that no reasonable person would believe that the purported purpose was a necessary expense of government that the courts will intervene.
218 Ark. at 420 (emphasis in original).
Section 5 of H.B. 1770 raises tax moneys to be used to construct and improve airports, among other purposes. I cannot conclude that no reasonable person would believe this is a necessary expense of government. That being the case, it is my opinion that the applicable constitutional provision is Art. 5, § 37, rather than Art. 5, § 31, and that a simple majority of each house of the General Assembly is all that is required to pass H.B. 1770.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh